UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FL,

                              Plaintiff,

                                                      Case # 6:21-CV-06551-FPG

v.

                                                      DECISION AND ORDER

HILTON CENTRAL SCHOOL DISTRICT; AND
HILTON BOARD OF EDUCATION,

                              Defendants.

## INTRODUCTION

Plaintiff FL ("Plaintiff") claims Defendants Hilton Central School District and Hilton Board of Education (collectively, "Defendants") violated 42 U.S.C. § 1983 ("§ 1983" or "Section 1983"); Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX"); and New York State law by failing to protect Plaintiff from sexual abuse committed by Defendants' employee.  ECF No. 1-1.  Plaintiff's Complaint was filed pursuant to the New York Child Victims Act ("CVA" or "Act") in Monroe County Supreme Court, ECF No. 1-1, and removed to federal court under 28 U.S.C. § 1441, *et seq*. and 28 U.S.C. § 1331.

Under Federal Rule of Civil Procedure 12(b)(6), Defendants moved to dismiss Plaintiff's Complaint, arguing that Plaintiff's federal claims are time-barred by the applicable statute of limitations and the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  *See* ECF No. 5.  Plaintiff responded in opposition, ECF No. 15, and Defendants replied.  ECF No. 17.

For the reasons set forth below, Defendants' motion to dismiss is GRANTED with respect to Plaintiff's federal claims. Plaintiff's state claims are REMANDED to the appropriate state court for further proceedings consistent with this opinion.

## BACKGROUND

Courts evaluating a motion to dismiss must accept facts alleged in the complaint as true and draw all reasonable inferences from those facts in favor of the non-moving party. *Nat'l Fed. of the Blind v. Scribd Inc.*, 97 F. Supp. 3d 565, 567 (D. Vt. 2015). For the purposes of evaluating this motion, the facts below are taken from Plaintiff's Complaint and accepted as true.

From 2005–2008, Plaintiff was a student at Northwood Elementary School where Plaintiff was sexually abused by Kirk Ashton ("Ashton"), the school's principal. ECF No. 1-1 at 5. Plaintiff was between eight and eleven years old during the period of abuse. ECF No. 1-1 at 5. As Ashton's employers, Defendants did not adequately supervise him and failed to maintain a safe and secure school environment. *See generally* ECF No. 1-1.

Plaintiff brought this action under the CVA. ECF No. 1-1 at 1. The CVA instituted a revival period for certain child abuse claims that may have previously been time-barred by the applicable state statute of limitations. 2019 Sess. Law News of N.Y. Ch. 11 (S. 2440). The Act, effective February 14, 2019, specifically extended the statute of limitations for civil state claims of sexual abuse brought by adult victims of such abuse from the typical age limit of 23 to the age of 55 and required "revived claims" to be brought "not earlier than six months after and not later than one year and six months after the effective date of the law." N.Y. C.P.L.R. § 214-g; *Sokola v. Weinstein*, No. 20-CV-0925 (LJL), 2020 WL 3605578, at *4 (S.D.N.Y. July 2, 2020); *Doe v. Haight*, 139 N.Y.S.3d 476, 477 (N.Y. Sup. Ct. 2020). Because of the COVID-19 pandemic, the filing deadline was later extended from August 14, 2020 to August 14, 2021. *See In re Roman*

*Catholic Diocese of Syracuse, New York*, 628 B.R. 571, 574 n.2 (Bankr. N.D.N.Y. 2021).  Plaintiff

filed the Complaint on July 30, 2021, bringing three causes of action against Defendants:

1.  Violations of New York State law – specifically, negligence;

2.  Violations of § 1983;

3.  Violations of Title IX.

Plaintiff seeks general and compensatory damages against Defendants, an award of

attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

ECF No. 1-1 at 21–22.

## LEGAL STANDARD

To survive a Rule 12(b)(6) challenge, a complaint "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The

"plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

possibility that a defendant has acted unlawfully."  *Id.*  (internal quotation marks omitted).  A

district court must accept as true all factual statements alleged in the complaint and draw all

reasonable inferences in favor of the nonmoving party.  *Vietnam Ass'n for Victims of Agent Orange*

*v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

But even a plausibly pleaded complaint may be dismissed under Rule 12(b)(6) if the motion

raises a well-supported affirmative defense, including the defense that the claim is barred by the

applicable statute of limitations, and the propriety of the defense "appears on the face of the

complaint."  *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand,*

*LLP*, 322 F.3d 147, 158 (2d Cir. 2003); *see also McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70,

76 (2d Cir. 2010).  The Court now turns to Defendants' pending motion.

**DISCUSSION**

Defendants argue Plaintiff's claims warrant dismissal because: (1) Plaintiff's § 1983 claims are time-barred by the statute of limitations; (2) Plaintiff's Title IX claims are time-barred by the statute of limitations; and (3) the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state claims.  ECF No. 5.  The Court considers each argument in turn below.

**I.    Section 1983**

Defendants seek dismissal of Plaintiff's § 1983 claims under the applicable statute of limitations.  Plaintiff argues, *inter alia*, the claims are revived by the CVA and governed by a longer statute of limitations provided by the CVA.  For the reasons below, the Court concludes Plaintiff's § 1983 claims are time-barred and, accordingly, must be dismissed.

Section 1983 "does not provide a specific statute of limitations."  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).   Courts must instead "borrow from 'state-law limitations provisions.'"  *Doe v. NYS Off. of Child. & Fam. Servs.*, No. 20 Civ. 01195, 2021 WL 2826457, at *5 (N.D.N.Y. July 7, 2021) (citing *Owens v. Okure*, 488 U.S. 235, 239 (1989)).  Indeed, it is well-settled that the statute of limitations for § 1983 claims is the "general or residual [state] statute [of limitations] for personal injury actions."  *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens*, 488 U.S.at 249–50).  In New York, the statute of limitations for such actions is three years.  *See* N.Y. C.P.L.R. § 214(5).

The state's general or residual personal injury statute of limitations is controlling because personal injury actions are "most analogous" to § 1983 claims.  *Owens*, 488 U.S. at 240.  After decades of confusion and inconsistency caused by lower courts' application of many different state statutes of limitations to § 1983 claims, such as Plaintiff's, the Supreme Court announced in *Owens v. Okure* that in the interests of simplicity and uniformity the state's general or residual personal

4

injury period shall apply to "all § 1983 claims." *Id.* at 241.  Because the "broad scope" of § 1983 "confer[s] a general remedy for injuries to personal rights[,]" a "simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose." *Id.* at 240–241 (citing *Wilson v. Garcia*, 471 U.S. 261, 266–275).  Indeed, *Owens* is an express rejection of "the practice of drawing narrow analogies between § 1983 claims and state causes of action," as Plaintiff requests here.  *Id.* at 248 (citing *Wilson*, 471 U.S. at 272).  Because "so many claims brought under § 1983 have no precise state-law analog, applying [a] statute of limitations to [a] limited category […]" of intentional torts or civil state law actions "would be inconsistent with § 1983's broad scope." *Id.* at 249.

Moreover, since the enactment of the CVA, this exact issue has been litigated often and courts consistently reach the same result.  Every district court in this Circuit asked to address whether § 1983 claims stemming from the CVA are governed by the residual state statute of limitations for personal injury actions or provisions of the CVA itself, as Plaintiff advocates, has concluded the state statute for personal injury applies.  *See, e.g., Coe v. Regan*, No. 19CV05327ENVVMS, 2022 WL 467053 (E.D.N.Y. Feb. 3, 2022) (concluding plaintiff's § 1983 claims brought in concert with CVA revival window are time-barred by New York's three-year personal injury statute of limitations); *see also Caldwell v. City of New York*, No. 21-CV-6560 (LTS), 2021 WL 3887678, at *1 (S.D.N.Y. Aug. 27, 2021) (same); *Doe v. NYS Off. of Child. & Fam. Servs.*, No. 20 Civ. 01195, 2021 WL 2826457, at *5 (N.D.N.Y. July 7, 2021) (same); *Kane v. Mount Pleasant Cent. Sch. Dist.*, 2021 WL 5112981 (S.D.N.Y. Nov. 3, 2021) (same); *Boyle v. North Salem Cent. Sch. Dist.*, 2020 WL 2319116 (S.D.N.Y. May 11, 2020) (same).  While Plaintiff correctly notes that "decisions of district courts, even those located within the same district, are not binding on other district courts [,]" the Court *is* bound by the substantial body of precedent that led each district court to come to the same conclusion. *Sharp v. Ally Fin., Inc*., 328 F.Supp.3d 81,

97 (W.D.N.Y. 2018) (quoting *Arculeo v. On-Site Sales & Mktg., LLC*, 321 F.Supp.2d 604, 609 (S.D.N.Y. 2004)).

Accordingly, the Court must apply New York's three-year residual statute of limitations for personal injury actions to Plaintiff's § 1983 claims, N.Y. C.P.L.R. § 214(5); *see Lucente v. Cty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020).  Of note, the statute of limitations incorporates the state's typical tolling provisions for civil injuries suffered as a minor.  *See* N.Y. C.P.L.R. § 208(a) (providing the three-year statute of limitations does not begin to run until a plaintiff turns eighteen); *see also Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Board of Regents v. Tomanio*, 446 U.S. 478, 484 (1980); *Pearl*, 296 F.3d at 84; *Boyle* 2020 WL 2319116; *Doe*, 2021 WL 2826457.

Here, because the period of abuse occurred between 2005–2008 when Plaintiff was between eight and eleven years old, Plaintiff's claims began to accrue when Plaintiff turned eighteen in 2015 or 2016.  ECF No. 1-1 at 9–10.  The three-year period for Plaintiff's claims accordingly expired in 2018 or 2019.  That is, Plaintiff's § 1983 claims were time-barred for approximately two years when the Complaint was filed in 2021.  ECF No. 1-1 at 1.

For these reasons, Plaintiff's § 1983 claims are dismissed.  While Plaintiff advocates for a departure from the precedent *Owens* produced, the Court emphasizes *Owens* and its progeny expressly contemplated the issues presently before the Court and concluded, as this Court does, that multiple statutes of limitations for § 1983 claims will inevitably frustrate the consistency and predictability upon which potential § 1983 plaintiffs depend.  *See e.g., Owens v. Okure*, 488 U.S. 235, 244 n. 8.

## II.    Title IX

Defendants similarly seek dismissal of Plaintiff's Title IX claims under the applicable statute of limitations.  Plaintiff again argues, *inter alia*, the claims are revived by the CVA and

governed by a longer statute of limitations in the CVA.  For the reasons below, the Court concludes Plaintiff's Title IX claims are time-barred and must be dismissed.

Like § 1983, Title IX does not include a statute of limitations.  *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004).  As with § 1983, Title IX claims are "most analogous to personal injury actions" and, therefore, courts consistently and uniformly apply the "state statute of limitations for personal injury actions" to such claims.  *Curto*, 392 F.3d at 504; *see also M.H.D. v. Westminster Sch.*, 172 F.3d 797, 803 (11th Cir.1999); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728–29 (6th Cir.1996); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 (8th Cir.1995); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 77–78 (3d Cir.1989).  Accordingly, Title IX claims that arise in New York are governed by New York's "three-year personal injury statute of limitations."  *Coe*, 2022 WL 467053, at *4; *see also Doe v. Nat'l Ramah Comm'n, Inc.*, No. 16 Civ. 6869, 2018 WL 4284324, at *5 (S.D.N.Y. Sept. 7, 2018) (citing *Curto*, 392 F.3d at 504).  Similarly, the state tolling rules for § 1983 claims apply with equal force to Title IX claims that arise when the injured party is a minor.  *See Nat'l Ramah Comm'n, Inc.*, 2018 WL 4284324, at *5.

Here, again, because Plaintiff's claims began to accrue in 2015 or 2016, the three-year period for Plaintiff's claims accordingly expired in 2018 or 2019.  ECF No. 1-1 at 9–10.  Because Plaintiff's Title IX claims were time-barred for approximately two years when Plaintiff's Complaint was filed in 2021, Plaintiff's Title IX claims must be dismissed.

**III.   Negligence**

Defendants finally argue the Court should, in its discretion, decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claims if it orders dismissal of Plaintiff's federal claims.  Plaintiff opposed Defendants' argument in its briefing.  *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) ("Hearing from the parties . . . is

typically an essential component of the inquiry into whether to decline to exercise supplemental jurisdiction [. . .]").  For the reasons below, the Court agrees with Defendants.

A district court may decline to exercise supplemental jurisdiction over state law claims when it has "dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *Kolari v. New York-Presbyterian Hosp*., 455 F.3d 118, 122 (2d Cir. 2006).  Because Plaintiff's federal claims have been dismissed, the Court declines to exercise jurisdiction over Plaintiff's remaining state claims.  Plaintiff's state claims are hereby remanded to the state court in which the claims were originally filed before removal.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff's federal claims under 42 U.S.C. § 1983 and Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq*., are barred by the applicable statute of limitations and dismissed with prejudice. The Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims which are hereby REMANDED to the appropriate state court for further proceedings consistent with this opinion.  The Clerk of Court is directed to enter judgment as to the federal claims and remand the state claims.  The Clerk of Court is further directed to close this case.


IT IS SO ORDERED.


Dated: May 25, 2022
      Rochester, New York

                               _____
                               HON. FRANK P. GERACI, JR.
                               United States District Judge
                               Western District of New York